# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERINEO SERRANO, | 1:09-cv-00993-AWI-DLB (HC) |
|     Petitioner, | |
|     v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| PAT L. VASQUEZ, Warden | [Doc. 10] |
|     Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on June 8, 2009. (Court Doc. 1.) Respondent filed a motion to dismiss on July 22, 2009, and Petitioner filed an opposition on August 3, 2009. (Court Docs. 10, 11.)

### DISCUSSION

A.  <u>Procedural Grounds for Motion to Dismiss</u>

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases.

    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(b)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Successive Petition

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

       A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

       Respondent argues that the instant case is a successive petition and should be dismissed pursuant to 28 U.S.C. § 2244(b)(1).  Specifically, Respondent contends that the instant petition challenges the same Board of Parole Hearings' 2008 decision as the petition previously filed in this Court in case number 1:09-cv-00982-AWI-BAK (HC).  The Court does not agree with Respondent that the instant petition is successive of the prior petition filed in this Court in case no 1:09-cv-00982-AWI-BAK (HC) because that petition is still pending and has not been resolved on the merits.  Moreover, as Petitioner makes clear in his opposition, the instant petition is duplicative of the previously filed petition and was submitted by him as a copy of the prior petition filed in case number 1:09-cv-00982-AWI-BAK (HC).[1] Accordingly, because the instant petition is a copy of the petition and contains the exhibits referenced therein, the Court will recommend that it be dismissed and filed as an Amended Petition in case number 1:09-cv-00982-AWI-BAK (HC).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

---

[1] The petition filed in case number 1:09-cv-00982-AWI-BAK (HC) is identical to the petition filed in this case, but does not contain the referenced exhibits.

3

1. Respondent's motion to dismiss based on the ground that the instant petition is a second or successive petition be DENIED; however, the instant petition for writ of habeas corpus be dismissed as duplicative of case no. 1:09-00982-AWI-BAK (HC);

2. The Court of Clerk be directed to filed the instant petition as an Amended Petition in case no. 1:09-00982-AWI-BAK (HC); and,

3. The instant action be terminated.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 31, 2009**              /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE